IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES LEE THOMPSON,

                                                                ORDER

            Plaintiff,

                                                      11-cv-144-slc[1]

   v.

SARA ATKINS,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for injunctive relief, plaintiff James Lee Thompson, a former prisoner, contends that defendant Sara Atkins violated his rights under the Constitution, Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12300, and Wisconsin law by placing him in a homeless shelter when he was released to community supervision. Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and does not have the means to make an initial partial payment. Because plaintiff is proceeding without prepayment of costs, I must screen his complaint and dismiss it if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for

---

[1] For purpose of this order, I am assuming jurisdiction over the case.

1

money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). After reviewing the complaint, I conclude that it must be dismissed without prejudice because it violates Fed. R. Civ. P. 8. I will give plaintiff an opportunity to submit an amended complaint that provides more information to support his claims.

DISCUSSION

In his complaint, plaintiff alleges only that defendant discriminated against him in violation of his civil rights, rights under the ADA and Wisconsin law by placing him in a homeless shelter. This is not enough information to satisfy Fed. R. Civ. P. 8. Under that rule, a complaint must contain "a short and plain statement" for each claim "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that the plaintiff must give the defendants "fair notice" of his claims and include factual allegations that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Plaintiff's complaint contains so little information that I cannot determine the basis for his claims or even what his claims are. Thus, I will dismiss the complaint and give plaintiff an opportunity to file a new one that contains more information. In redrafting his complaint, plaintiff should view the exercise as telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

2

- What are the facts that form the basis for plaintiff's claims?

- What did defendant do that makes her liable for violating plaintiff's rights?

- How was plaintiff injured by defendant's conduct?

If plaintiff believes his constitutional rights were violated, he needs to specify which rights were violated and how defendant violated them specifically.  Similarly, if plaintiff believes his rights under Wisconsin laws were violated, he needs to specify which laws are implicated by defendant's actions.  Finally, with respect to plaintiff's claim under the ADA, he needs to provide much more information.  The ADA prohibits discrimination against qualified persons with disabilities.  Title II of the Americans with Disabilities Act is concerned with public entities, which are prohibited from excluding qualified persons with disabilities from participation in or receiving the benefits of the services, programs or activities offered by the entity and from discriminating against qualified disabled persons. 42 U.S.C. § 12132.  "Public entity" includes any department, agency or instrumentality of a state or local government.  42 U.S.C. § 12131(1)(B).  If plaintiff believes defendant violated his rights under the ADA, he must allege that he has a disability and must explain why he believes he was excluded from receiving any public benefits or services.

Plaintiff may have until March 28, 2011 to file a new complaint.  If he does not respond to this order by that date, the case will be closed.

3

ORDER

IT IS ORDERED that the complaint filed by plaintiff James Lee Thompson is DISMISSED for failure to comply with Fed. R. Civ. P. 8. He may have until March 28, 2011 to file a proposed amended complaint that gives defendant proper notice of plaintiff's claims. If plaintiff fails to respond by that date, the clerk of court is directed to close this case.

Entered this 15th day of March, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge